**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**CASE NO.: 8:25-CV-2891-CEH-AAS**

DASSAULT SYSTÈMES
SOLIDWORKS CORPORATION,

Plaintiff,

vs.

NEWTONGEN, INC.,
RICHARD SCARPELLI, AND
GARY LUFKIN,

Defendants.
_________________________________/

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendants, Newtongen, Inc. ("Newtongen"), Richard Scarpelli ("Scarpelli") , and Gary Lufkin, ("Lufkin," together with Newtongen and Scarpelli, "Defendants"), through undersigned counsel, hereby move to dismiss Plaintiff's, Dassault Systèmes Solidworks Corporation ("Plaintiff," collectively, with Defendants, the "Parties"), Amended Complaint ("Motion"), and, in support of this Motion, Defendants state as follows:

## INTRODUCTION

The Amended Complaint should be dismissed because it fails to allege vital elements of the claims it brings with the requisite level of specificity to provide notice to the Defendants. For example, the Copyright Infringement count fails to state facts explaining which works are alleged to have been infringed in what way, by whom,

when and on which device. Even the Defendants' respective involvement in the alleged conduct is not clear. The Amended Complaint also fails to plead specific non-conclusory factual content as to the alleged agreement between the parties and other necessary information in its counts for contravention of protective measures and breach of contract.

These pleading failures deprive the Defendants of the ability to understand the counts against them and to respond appropriately. As further elaborated below, Plaintiff's Amended Complaint should be dismissed.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(1)(2). A defendant may move to dismiss a complaint for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain enough factual allegations to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. at 556). "[A] court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

Yet, a complaint "must contain something more… than… a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. "The Rule…demands more than an unadorned, conclusory accusation of harm." *Wiand v. Wells Fargo Bank, N.A.*, 938 F.Supp.2d 1238, 1242-43 (M.D. Fla. 2013) (citing *Iqbal*, 556 U.S. 662, 678 (2009)). Courts are not bound to accept a plaintiff's legal conclusions "couched as [] factual allegation[s]" as true. *Id.*; *see also Franklin v. Curry*, 738 F. 3d 1246, 1251 (11th Cir. 2013).

## MEMORANDUM OF LAW

### I. The Amended Complaint is an Improper Shotgun Pleading and Fails to Comply with this Court's Order.

As this Court pointed out in its previous Order dismissing the first Complaint [D.E. 1], "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." D.E. 14, p.1 (citing Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F. 3d 1313, 1323 (11th Cir. 2015). Of the four types of shotgun pleadings set forth in *Weiland*, Plaintiff is guilty of three of them: being vague and conclusory, failing to separate counts, and asserting multiple claims against multiple defendants without specifying which defendants are responsible for which acts or omissions, or which defendants the claims are brought against. Weiland, 792 F. 3d at 1323.

Specifically, by not pleading contributory or vicarious liability as counts and not specifically identifying which of the Defendants are to be held to account for each

claim and under what theory, and further failure to allege who infringed which works, when and in what way, Plaintiff has deprived Defendants of the ability to prepare their defenses and respond appropriately.

The Court's Order further states "[i]n filing an amended complaint, Plaintiff must avoid shotgun pleading pitfalls and comply with applicable pleading requirements." [D.E. 14]. In fact, the first complaint [D.E. 1] and the operative first Amended Complaint [D.E. 15] are materially identical but for paragraphs 132, 146, and 158 which incorporate the facts asserted in the first 132 paragraphs. In failing to comport the Complaint with the pleading requirements, avoiding vague and conclusory statements, irrelevant facts, failing to separate counts, and asserting claims against multiple defendants without specifying which defendants are responsible for which acts or omissions, the Amended Complaint fails to comply with the Court's Order. Accordingly, the Complaint must be dismissed as an improper shotgun pleading.

## II. Failure to Plead NewtonGen's Relationship to Allegedly Infringing Conduct

The Complaint fails to set forth a relationship between NewtonGen and the allegedly infringing conduct. The only factual tie between any of the Computers and NewtonGen is the email domain "@newtongen.com," alleged use of the computer by Scarpelli, and use in Tampa. This is a tenuous, illusory connection analogous to holding Starbucks liable for copyright infringement by an employee in Seattle without regard to whether the infringement was for the benefit of, or approved by, Starbucks. This cannot be the basis of infringement, circumvention, or breach of contract claims

as they apply to NewtonGen. A company's liability for the individual conduct of its members or directors is inappropriate without pleading the specific nexus between the conduct and the company such that the conduct was on behalf-of or in service-to the company. Accordingly, the Amended Complaint fails to state a cause of action against the company.

## III. The Amended Complaint Fails to Allege Sufficient Facts as to Lufkin

The complaint does not include facts connecting Lufkin directly to any of the counts or infringing activity, or supporting contributory negligence, while simultaneously failing to specifically allege contributory negligence or vicarious liability as distinct counts. Accordingly, Lufkin must be dismissed as a Defendant.

Further, as discussed above, Plaintiff has failed to adequately connect the company to the alleged conduct by pleading any specific facts such that it cannot hold the company's officers vicariously liable for the actions of the company. This lack of clarity as to the identity of the alleged actor(s) throughout the Complaint deprives all the Defendants of the ability to understand the claims against them.

Count I of the Amended Complaint alleges infringement, under 17 U.S.C. § 501, of one or more of the seven copyrighted works described in paragraph 13 of the Amended Complaint. No direct infringement facts are asserted as to Lufkin. And not explanation of which acts infringed which copyright; instead relying on Contributory and Vicarious liability. Yet, the Complaint fails to specifically allege contributory or vicarious infringement as a count, and instead collectively asserts infringement against

all defendants. Even contributory and vicarious liability theories are pled only by way of conclusory statements without supporting facts.

Similarly, Count II fails to allege any action taken by Lufkin in support of its claim for circumvention of protective measures. There is no factual support for Lufkin's knowledge or basis for any liability but for his relationship to the Company, NewtonGen. Yet, vicarious or contributory liability are not specifically pled and, as described above, even NewtonGen's relationship to the asserted conduct is unsupported by facts.

Finally, Count III does not allege any action taken by Lufkin in support of its claim of breach of contract. Indeed, the Amended Complaint fails to allege even that Lufkin was bound by the agreement. As discussed herein, no facts are alleged binding Lufkin in his individual capacity to the asserted License Agreement. Accordingly, he is an improper defendant as to Count III.

Lufkin's relevance to the claims in this suit is tenuous at best and unsupported by specific facts, only his role with the company, which does not necessarily place him in control of software use or these specific computers, gives him any relevance whatsoever. The conclusory and collective pleading of Lufkin's liability is inappropriate. Accordingly, Lufkin should be dismissed as a Defendant.

## IV. Amended Complaint Fails to State a Claim for Infringement Against Any Defendant

In order to bring a claim for infringement, a Plaintiff must allege which works were allegedly infringed by whom, and when; failure to do so deprives the Defendants of the ability to respond. See Fed. R. Civ. P. 8(a).

Rule 8(a) of the Federal Rules of Civil Procedure requires that the specific works subject of the copyright claim be pled, a description of the acts by which infringement is alleged, and the time period of the infringing conduct. Perry v. Khan, No. 3:12-cv-543-J-99TJC-TEM, 2012 U.S. Dist. LEXIS 206291, at *6 (M.D. Fla. July 19, 2012)(citing Krasselt v. Joseph E. Seagram & Sons, Inc., No. 01 Civ. 2821, 2002 U.S. Dist. LEXIS 16136, (S.D.N.Y. Aug. 29, 2002)). Omitting these details, or failing to provide requisite specificity is grounds for dismissal of the claim. See e.g. id.

Here, Plaintiff asserts that it holds certain copyright registrations and that in particular, four copyright registrations were infringed. The Complaint fails, however, to allege when or how many times each copyright was infringed. Nor is the asserted conduct or identity of the infringer of each work made clear. Indeed, the Complaint does not even explain which of the computers infringed which copyrighted work. This conclusory, generalized, aggregate pleading fails to meet the requisite pleading standard and deprives the Defendants of notice of what specific conduct Plaintiff seeks redress for.

## V. Failure to Plead knowing Circumvention of Technological Measures

To establish a claim for circumvention of technological measures, the Plaintiff must show "(1) ownership of a valid *copyright* on a work, (2) effectively controlled by a *technological measure,* which has been circumvented, (3) that third parties can now *access* (4) *without authorization,* in a manner that (5) infringes or facilitates infringing a right *protected* by the Copyright Act...." Microsoft Corp. v. Silver Star Micro, Inc., No. 1:06-cv-1350-WSD, 2008 U.S. Dist. LEXIS 1526, at *13-14 (N.D. Ga. Jan. 9, 2008) (quoting Chamberlain Group, Inc. v. Skylink Techs., Inc.,381 F.3d 1178, 1203 (Fed. Cir. 2004) (emphasis in original)); 17 U.S.C. § 1201(a)(2).

Notably, circumvention of technological measures requires that the Defendant obtain unauthorized access to the copyrighted work. See 17 U.S.C. § 1201(a)(3)(A) (defining 'circumvention of a technological measure'); Microsoft Corp., 2008 U.S. Dist. LEXIS 1526, at 14. The act of attempting circumvention alone is not sufficient to create liability, circumvention by a user must succeed. The Complaint fails to allege any facts supporting actual access to the software. Conclusory pleading that some attempt was made at circumventing the copyright protection measure, or even that the software was downloaded, is insufficient to show access supporting a claim of circumvention. This is fatal to the cause of action, Count II must be dismissed.

## VI. Plaintiff's Claims are Barred by the Operative Statute of Limitations.

Copyright law includes an operative statute of limitations, namely, "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 USC § 507.

In the Eleventh Circuit, copyright claims accrue based on the discovery rule, that the claim accrues when the holder learned or should have learned of the infringement. Prepared Food Photos, Inc. v. Delvecchio Pizza, LLC, No. 23-cv-60183-BLOOM/Valle, 2023 U.S. Dist. LEXIS 67252, at *8 (S.D. Fla. Apr. 17, 2023); Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325, 1330 (11th Cir. 2023). "These kinds of claims can only accrue one time." Nealy, 60 F.4th at 1330.

The allegations of the Complaint indicate that Plaintiff has monitoring technology which logs every use of the software it believes is unlicensed, such that Plaintiff learned of the alleged conduct as soon as it occurred. The Complaint states "[t]hrough its monitoring technology, DS SolidWorks detected at least 1529 unauthorized uses of its unlicensed and unauthorized copies of the SOLIDWORKS software on at least three different computers since January 2020." [D.E. 15 p. 4]. Accordingly, the allegedly infringing conduct was discovered in 2020, Plaintiff had knowledge of the actions at that time, and the infringement claim accrued in January 2020. [D.E. 15, para 16]. As such, the three year statute of limitation bars the copyright claims. Even if this did not bar these claims, Plaintiff would be barred from any recovery for infringement occurring more than three years before bringing this suit.

## VII. Failure to Plead The Breach of Contract Claim.

Under Massachusetts and Florida common law of contract, a claim for breach of contract must allege that the Defendant is bound to the terms of the agreement. See e.g. Selski, Inc. v. Bassett, No. 03-0381A, 2004 Mass. Super. LEXIS 428, at *11 (Oct.

13, 2004); Echevarria v. Navient Sols., No. 6:20-cv-1406-Orl-40DCI, 2020 U.S. Dist. LEXIS 254601, at *4 (M.D. Fla. Oct. 14, 2020).

The Complaint fails to allege who, if anyone, agreed to be bound by the terms and conditions of the agreement. No specificity of fact is provided on the issues of the identity of the bound party nor of the means that assent was manifested. The Complaint reads "[a]t least one of Scarpelli, employees of NewtonGen, or persons under the control of NewtonGen accepted the SOLIDWORKS License agreement when they installed [the copyrighted works]." [D.E. 15, para 160]. The Complaint fails to provide any clarity as to who is a party to the agreement, how agreement manifested if not by signature, or when the alleged agreement was made. Such failure to provide requisite information prevents the Court and the Defendants from understanding whether an agreement was formed. Accordingly, Count III fails to state a claim and must be dismissed.

## VIII. No Contract Exists to Support the Breach of Contract Action.

A contract cannot exist without consideration. Cocchi v. Morais Concrete Serv., 2015 Mass. App. Div. LEXIS 14, *7. "[P]erformance of an existing legal duty or contractual obligation is not sufficient consideration for a new promise by the obligee." Id. (quoting Boston Professional Hockey Ass'n v. Comm'r of Rev., 443 Mass. 276, 287, 820 N.E.2d 792 (2005)).

Neither party in this action has provided consideration or made any binding promise to the other. Plaintiff has not provided access to its software or made any other consideration to Defendant in support of any agreement. Defendant made no binding

promises to Plaintiff. Indeed, even if a promise not to infringe or circumvent protections were made, this alone cannot satisfy consideration, as preexisting duties to comply with the law cannot be consideration for a contract. Accordingly, there is no binding contract between the parties because the alleged contract fails for lack of consideration. Count III must be dismissed.

## IX. The Breach of Contract Claim is Preempted by the Copyright Act.

The breach of contract claim is an improper repackaging of the copyright infringement claim, relying on materially the same facts. Preemption bars action where rights at issue fall within the subject matter of the Copyright Act and the rights asserted are equivalent to the exclusive rights provided thereunder. Utopia Provider Sys. v. Pro-Med Clinical Sys., L.L.C., 596 F.3d 1313, 1325 (11th Cir. 2010)(internal citation omitted).

Here, the asserted agreement states "[y]ou may not load or use [SOLIDWORKS] in any computer or copy it without a right to do so from [DS SolidWorks.]" [D.E. 15 ¶ 164]. This is plainly a contract to not engage in copyright infringement, the very essence of the Copyright Act. Similarly, the agreement includes a requirement not to take any steps to avoid access controls, mirroring the DMCA's laws against technological protection circumvention. [D.E. 15, ¶ 173]. These clauses not only exist to control the same subject matter as that governed by the Copyright Act, but also provides for the same rights as those under the Copyright Act.

Accordingly, the breach of contract claim in entirely duplicative of Counts II and III, and must therefore be dismissed as preempted by the Copyright Act.

## CONCLUSION

Plaintiff failed to plead infringement, contravention of intellectual property protections, and breach of contract with an adequate level of factual information to survive a motion to dismiss, and failed to cure the pleadings of the conclusory shotgun assertions as ordered by the court. Plaintiff failed to adequately plead the relationship between the Defendants and alleged conduct. Plaintiff failed to establish the existence of any agreement between the parties. The Amended Complaint asserts all counts, and most facts, by conclusion and bare allegation without any support. This lack of clarity precludes the Defendants from responding coherently. The Amended Complaint's conclusory pleading does not meet the standard required under the Federal Rules of Procedure for any of its counts, and accordingly the Amended Complaint must be dismissed.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, Newtongen, Inc., Richard Scarpelli, and Gary Lufkin respectfully request that this Court enter an Order: (i) dismissing Plaintiff's Amended Complaint in its entirety; and (ii) providing for such other and further relief as this Court deems just and proper.

**JIMERSON BIRR, P.A.**

By: Cassidy Mandelbaum
Gustavo Sardiña
Florida Bar No. 31162
gsardina@jimersonfirm.com
Cassidy Mandelbaum
Florida Bar No. 1069803
cmandelbaum@jimersonfirm.com
701 Riverside Park Place
Jacksonville, FL 32204
Telephone: (904) 389-0050
Facsimile: (904) 212-1269
emmaa@jimersonfirm.com
fileclerk@jimersonfirm.com
*Attorney for Defendants*