**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO.: 8:25-CV-02891-CEH-AAS**

DASSAULT SYSTÈMES
SOLIDWORKS CORPORATION,

Plaintiff,

v.

NEWTONGEN, INC., and
RICHARD SCARPELLI

Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. DEFENDANTS' MOTION VIOLATES RULE 3.01(g) PROCEDURE ........ 2

III. LEGAL STANDARD ........ 2

IV. ANALYSIS ........ 3

A. The Complaint Plausibly Alleges Copyright Infringement ........ 3

1. The Complaint Alleges Direct Infringement by Scarpelli and Employees of NewtonGen ........ 4

2. The Complaint Alleges Infringement by Lufkin ........ 5

3. The Complaint Alleges Infringement by NewtonGen ........ 7

B. The Complaint Plausibly Alleges Circumvention of Technological Measures ........ 8

C. Plaintiff's Claims Under the Copyright Act Are Not Barred By The Statute of Limitations ........ 10

D. The Complaint Plausibly Alleges Breach of Contract ........ 11

E. Plaintiff's Claims for Breach of Contract Are Not Preempted ........ 14

F. The Complaint Adheres to the Pleading Requirements of Federal Civil Procedure and Local Rules ........ 15

G. Should the Court Grant Defendants' Motion, Plaintiff Requests Leave to Amend the Complaint ........ 17

V. CONCLUSION ........ 18

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal, 556,*
U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)....................................... 2, 3

*Bubble Down, LLC v. Real Cap. Partners, GP, LLC,*
No. 8:25-cv-315-KKM-CPT, 2026 U.S. Dist. LEXIS 300 (M.D. Fla. Jan. 5, 2026)............................................................................................... 5, 6, 15

*Casella v. Morris,*
820 F. 2d 362 (11th Cir. 1987) .......................................................................... 6

*Crowe v. Coleman,*
113 F.3d 1536 (11th Cir. 1997) ........................................................................ 16

*Dassault Systemes SolidWorks Corp. v. Linear Eng'g & Mfg. Corp.,*
No. 8:23-cv-1444-KKM-AEP, 2024 U.S. Dist. LEXIS 91111 (M.D. Fla. May 21, 2024)........................................................................... 7, 9

*Ebbeskov Jankovic, LLC v. McClatchy Media Co.,*
No. 25-62317-CV-MIDDLEBROOKS, 2026 U.S. Dist. LEXIS 44302 (S.D. Fla. Mar. 4, 2026) ............................................................................. 10

*Forbus v. Sears Roebuck & Co.,*
30 F. 3d 1402 (11th Cir. 1994) ........................................................................ 17

*Keira v. U.S. Postal Inspection Serv.,*
157 F. App'x 135 (11th Cir. 2005) ................................................................... 11

*Michael Grecco Prods. v. RGB Ventures, LLC,*
No. 3:16-cv-1335-J-34PDB, 2017 U.S. Dist. LEXIS 148820 (M.D. Fla. Sep. 14, 2017) ............................................................... 3, 6, 7, 15

*Microsoft Corp. v. Silver Star Micro, Inc.,*
No. 1:06-cv-1350-WSD, 2008 U.S. Dist. LEXIS 1526 (N.D. Ga. Jan. 9, 2008)............................................................................... 8

*Mohammad Shah Rukk Khan v. United States*,
No. 6:24-cv-1597-WWB-UAM, 2025 U.S. Dist. LEXIS 33459
(M.D. Fla. Feb. 25, 2025) .......... 17

*Nealy v. Warner Chappell Music, Inc.*,
60 F.4th 1325 (11th Cir. 2023) .......... 10

*Phillips v. Cario*,
No. 5:26-cv-9-PGB-PRL, 2026 U.S. Dist. LEXIS 36998
(M.D. Fla. Feb. 24, 2026) .......... 2

*Pielage v. McConnell*,
516, F. 3d 1282, 1284 (11th Cir. 2008) .......... 3

*Source One Fin. Corp. v. Progressive Direct Ins. Co.*,
2015 Mass. App. DIV. LEXIS 46 .......... 13

*Thomas v. Town of Davie*,
847 F. 2d 771 (11th Cir. 2018) .......... 17

*Utopia Provider Sys. V. Pro-Med Clinical Sys., LLC*,
596 F.3d 1313 (11th Cir. 2010) .......... 14

*Whitehurst v. G & A Rest. Mgmt. Inc.*,
No. 2:20-CV-67-MRM, 2020 U.S. Dist. LEXIS 75159
(M.D. Fla. Apr. 29, 2020) .......... 16

*Woldeab v. Dekalb Cnty. Bd. Of Educ.*,
885 F.3d 1289 (11th Cir. 2018) .......... 18

**Statutes**

17 U.S.C. § 1201 .......... 8, 9

Fed. R. Civ. P. 8(a)(2) .......... 15

Fed. R. Civ. P. 10(b) .......... 15

Fed. R. Civ. P. 12(b)(6) .......... 2, 10

Fed. R. Civ. P. 15 .......... 17, 18

M.D. Fla. Rule 3.01(g) .......... 2

## I. INTRODUCTION

Plaintiff Dassault Systèmes SolidWorks Corporation ("DSSW" or "Plaintiff") respectfully submits this opposition to Defendants NewtonGen, Inc. ("NewtonGen"), Richard Scarpelli ("Scarpelli), and Gary Lufkin's ("Lufkin") (collectively, "Defendants") Motion to Dismiss (Dkt. 22) (the "Motion" or "Def. Motion"). This is a copyright infringement action involving copyright infringement (First Amended Complaint, Dkt. 15 (the "FAC"), ¶¶ 132–145), circumvention of technological measures (FAC, ¶¶ 146–157), and breach of an End User License Agreement (FAC, ¶¶ 158–180), arising out of Defendants' unauthorized and willful use and copying of Plaintiff's SOLIDWORKS software packages.

Defendants' Motion seeks to short-circuit this action at the pleading stage despite the complaint's detailed and factually supported allegations. For each count alleged, the complaint easily satisfies the plausibility threshold and provides fair notice of the claims on each Defendant. Defendants' Motion improperly attempts to impose heightened pleading requirements and disputes facts that are neither appropriate for resolution on a motion to dismiss nor consistent with the law. Consequently, Defendants' Motion should be denied in its entirety. Should the Court grant the Motion in any part, the dismissal should be without prejudice permitting DSSW the opportunity to seek leave to amend the complaint.

## II. DEFENDANTS' MOTION VIOLATES RULE 3.01(G) PROCEDURE

Defendants failed to follow the proper pre-motion notice and conference procedure. For this reason alone, Defendants' Motion should be denied. *See Phillips v. Cario*, No. 5:26-cv-9-PGB-PRL, 2026 U.S. Dist. LEXIS 36998 at * 3 (M.D. Fla. Feb. 24, 2026) ("[I]n the Middle District of Florida, 'motions are routinely denied for failure to comply with Local Rule 3.01(g)").

Local Rule 3.01(g) required Defendants' counsel to meet and confer with Plaintiff's counsel "in a good faith effort to resolve the motion" prior to filing its Motion. Defendants' counsel failed to do so. Counsel for Plaintiff and counsel for Defendants had a brief conference on March 17, 2026, but counsel for Defendants failed to raise its Rule 12(b)(6) Motion or the substantive arguments included therein. **Exhibit 1.** Tellingly, Defendants' counsel did not include the required "Local Rule 3.01(g) Certificate" certifying that they conferred with counsel for the opposing party. *See*, Rule 3.01(g)(2). Had the parties conducted a proper conference, it is likely that this would have avoided unnecessary briefing and would have eliminated or narrowed the issues for the Court.

## III. LEGAL STANDARD

Under Rule 12(b)(6), a plaintiff survives a motion to dismiss where the plaintiff pleads sufficient facts to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal, 556*, U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations of the complaint must be accepted as true and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516, F. 3d 1282, 1284 (11th Cir. 2008).

## IV. ANALYSIS

### A. The Complaint Plausibly Alleges Copyright Infringement

Defendants' Motion asserts that the complaint fails to plead a claim for copyright infringement against any defendant (Def. Motion, p. 7), but in particular against Defendants NewtonGen (Def. Motion, p. 4) and Lufkin (Def. Motion, pp. 5–6).

Copyright infringement can be direct or indirect, "with claims of indirect infringement being divided into two categories: contributory infringement and vicarious infringement." *Michael Grecco Prods. v. RGB Ventures, LLC*, No. 3:16-cv-1335-J-34PDB, 2017 U.S. Dist. LEXIS 148820, at *14 (M.D. Fla. Sep. 14, 2017) (citing *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F. 3d 1129, 1138 n. 19 (11th Cir. 2007)). "[T]he Eleventh Circuit recognizes that there are no clear distinctions between these various theories of liability." *Michael Grecco Prods.*, 2017 U.S. Dist. LEXIS 148820 at *14-15 (citing *Casella v. Morris*, 820 F. 2d 362, 365 (11th Cir. 1987); *Sony*

*Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 435, 104 S. Ct. 774, 78 L. Ed. 2d 574 (1984)). To succeed on a claim for copyright infringement, plaintiff must allege only that: "(1) it owns a valid copyright in the infringed work or works; and (2) the defendant[s] copied protected elements from the work or works." *Id*. at *16 (citing *Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014)). To establish contributory infringement, a plaintiff must allege: (1) a direct infringement, (2) knowledge of the direct infringement, and (3) the contributory infringement induced, encouraged, or materially contributed to the direct infringement. *Id*. at *21–22. To establish vicarious infringement a plaintiff must allege a "direct financial benefit" in the infringement. *Id.* at *27–28.

**1. The Complaint Alleges Direct Infringement by Scarpelli and Employees of NewtonGen**

First, the complaint satisfies the pleading standards with respect to direct copyright infringement. The complaint alleges that Dassault owns a valid copyright in its SOLIDWORKS software. FAC, ¶¶ 11–13, 133–134 and Ex. 6. Specifically, the complaint alleges that Dassault owns valid copyrights in SOLIDWORKS 2019, SOLIDWORKS 2020, SOLIDWORKS 2021, and SOLIDWORKS 2022 releases of software. FAC, ¶¶ 133–134 and Ex. 6. The complaint alleges that Defendants copied the SOLIDWORKS 2019, SOLIDWORKS 2020, SOLIDWORKS 2021, and SOLIDWORKS 2022 releases of software by downloading and using the unauthorized and unlicensed copy of the software

without permission on at least one computer. FAC, ¶¶ 135–139. These allegations are supported by specific facts – including geographic location, computer MAC addresses, usernames, email domains, etc. – detailing at least 1529 unauthorized and unlicensed uses of copyrighted SOLIDWORKS software by Defendants between January 2020 and March 2025. FAC, ¶¶ 14–92, 99–100, 102–108.

The Defendants' Motion demands "how many times each copyright is infringed" and complaints that "the asserted conduct or identity of the infringer of each work" is not "made clear." Such detail is not required to survive a motion to dismiss. *Anson v. City of Deltona*, No. 6:23-cv-766-PGB-LHP, 2024 U.S. Dist. LEXIS 35887, at *6 (M.D. Fla. Mar. 1, 2024) ("[A] complaint need not contain detailed factual allegations."). Taking the factual allegations as true and in the light most favorable to Plaintiff, DSSW has plausibly alleged Scarpelli, employees of NewtonGen, and those under the control of NewtonGen directly infringed Plaintiff's copyrights in its SOLIDWORKS software.

**2. The Complaint Alleges Infringement by Lufkin**

A corporate officer can be liable for copyright infringement based on "personal involvement and participation in the infringing activity." *Bubble Down, LLC v. Real Cap. Partners, GP, LLC*, No. 8:25-cv-315-KKM-CPT, 2026 U.S. Dist. LEXIS 300 at * 8 (M.D. Fla. Jan. 5, 2026) (citing *S. Bell. Tel. & Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985). He may also be

vicariously liable if he "has the ability to supervise the infringing activity and has a financial interest in that activity." *Id*. He may also be contributorily liable if he "with knowledge of the infringing activity, induces, causes, and materially contributes to the infringing conduct of another." *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987).

The complaint adequately alleges that Lufkin is liable for copyright infringement. The complaint plausibly alleges vicarious liability by Lufkin because Lufkin, in his role as CEO, controlled, directed, and supervised the infringing activities of "Scarpelli, employees of NewtonGen and/or persons under the control of NewtonGen" and received direct financial benefit from use of unauthorized copies of SOLIDWORKS. FAC ¶¶ 50–51, 66–67, 80–81, 113–120, 140–141. Similarly, the complaint adequately alleges contributory liability by Lufkin because Lufkin had knowledge about the infringements, did nothing to stop the infringements, and materially contributed to and/or induced the infringements. FAC, ¶¶ 82–83, 109–112, 121–131, 142–143. *See*, *Michael Grecco Prods*., 2017 U.S. Dist. LEXIS 148820 at *23 ("a defendant may face liability where it knows of particular instances of infringement…and fails to act to remove it.") (citing *Disney Enters., Inc. v. Hotfile Corp*., No. 11-20427-CIV, 2013 U.S. Dist. LEXIS 172339 (S.D. Fla. Sep. 20, 2013); *Perfect 10, Inc. v. Amazo*n.com, Inc., 508 F.3d 1146, 1155–56 (9th Cir. 2007)).

### 3. The Complaint Alleges Infringement by NewtonGen

A company may also be vicariously or contributorily liable for acts of infringement. "A corporation may be liable for the infringing actions of its employees where it had 1) the right and ability to supervise the infringing activity and 2) a direct financial interest." *Dassault Systemes SolidWorks Corp. v. Linear Eng'g & Mfg. Corp.*, No. 8:23-cv-1444-KKM-AEP, 2024 U.S. Dist. LEXIS 91111 at * 9 (M.D. Fla. May 21, 2024) (citing *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987). Corporations can be contributorily liable as well. *Michael Grecco Prods., LLC*, 2017 U.S. Dist. LEXIS 148820 at * 20.

The complaint adequately alleges that NewtonGen is liable for copyright infringement. The complaint plausibly alleges vicarious liability by NewtonGen controlled, directed, and supervised the infringing activities of "Scarpelli, employees of NewtonGen and/or persons under the control of NewtonGen" and received direct financial benefit from use of unauthorized copies of SOLIDWORKS. FAC, ¶¶ 48–49, 64–65, 78–79, 82–87, 108, 140–141. Similarly, the complaint plausibly alleges contributory liability by NewtonGen because NewtonGen had knowledge about the infringements, did nothing to stop the infringements, and materially contributed to and/or induced the infringements. FAC, ¶¶ 109–112 and 142–143.

In sum, the complaint plausibly alleges claims for copyright infringement – direct and indirect – for all Defendants. Consequently, Defendants' Motion must be denied.

**B. The Complaint Plausibly Alleges Circumvention of Technological Measures**

Defendants assert that Plaintiff's circumvention of technological measures claim under the Digital Millennium Copyright Act ("DMCA") fails in part because Defendants did not knowingly circumvent Dassault's technological measures. *See*, Def. Motion, p. 8. To succeed under the DMCA, Plaintiff must allege: "(1) ownership of a valid copyright, (2) effectively controlled by a technological measure, (3) that third parties can now access, (4) without authorization, in a manner that (5) infringes or facilitates infringing a right protected by the Copyright Act…." *Microsoft Corp. v. Silver Star Micro, Inc.*, No. 1:06-cv-1350-WSD, 2008 U.S. Dist. LEXIS 1526, at *13-14 (N.D. Ga. Jan. 9, 2008) (emphasis and quotations omitted); *See also*, 17 U.S.C. § 1201(a)(3) ("[T]o 'circumvent a technological measure' means to…avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner."). Critically, <u>knowledge</u> of the technological measure or circumvention is not an element for liability under 17 U.S.C. § 1201. Defendants fail to cite any authority to the contrary.

Defendants further assert that Plaintiff's claim should be dismissed because

Defendants did not actually succeed in the circumvention where the complaint "fails to cite any facts supporting actual access to the software." Def. Motion, p. 8. But the complaint recites many specific facts demonstrating Defendants' access to and use of SOLIDWORKS software. Specifically, the complaint alleges that Defendants downloaded, executed and used unlicensed and unauthorized copies of SOLIDWORKS at least 1529 times over a period of many years. FAC, ¶¶ 15–20, 35–36, 52, 61–63, 68, 75–77, 90–91, 135–138. Accepting these allegations as true, it is perfectly reasonable to infer that by downloading, executing, and using SOLIDWORKS at least 1529 times, Defendants accessed the copyrighted software.

For the same reasons discussed in Section IV(A) above, the complaint adequately alleges circumvention by Lufkin and NewtonGen. FAC, ¶¶ 153–157. *See also, Dassault Systèmes Solidworks Corp. v. Linear Eng'g & Mfg. Corp.*, No. 8:23-cv-1444-KKM-AEP, 2024 U.S. Dist. LEXIS 91111, at *12–13 (M.D. Fla. May 21, 2024) (finding indirect liability applies equally to violations of the DMCA).

The complaint adequately pleads facts sufficient to establish a claim for circumvention of technological measures under 17 U.S.C. § 1201. Consequently, Defendants' Motion must be denied.

### C. Plaintiff's Claims Under the Copyright Act Are Not Barred By The Statute of Limitations

A claim for copyright infringement accrues each time the infringement occurs. *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023). The complaint alleges infringement until at least May 24, 2025. FAC, ¶ 112. This is less than six months before the complaint was filed, and well within the three-year statute of limitations.

As acknowledged in Defendants' Motion, a copyright claim also accrues "when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights." *Nealy*, 60 F. 4th at 1330 (quoting *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020)) (emphasis added). "A copyright plaintiff with a timely claim under the discovery rule may recover retrospective relief for infringement that occurred more than three years prior to the filing of the lawsuit." *Id*.

The present action was filed on October 23, 2025. (Dkt. 1). Whether Dassault, exercising reasonable diligence, should have discovered the infringements before October 23, 2022 (three-years before the filing date), is a fact-intensive inquiry that cannot be resolved on the face of the complaint at the motion-to-dismiss stage. *See*, *Ebbeskov Jankovic, LLC v. McClatchy Media Co.*, No. 25-62317-CV-MIDDLEBROOKS, 2026 U.S. Dist. LEXIS 44302 at *4 (S.D. Fla. Mar. 4, 2026) (finding dismissal on statute of limitations grounds in a Rule 12(b)(6) motion

inappropriate); *Keira v. U.S. Postal Inspection Serv.*, 157 F. App'x 135, 136 (11th Cir. 2005) ("At the motion-to-dismiss stage, a complaint may be dismissed on the bases of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiff[] can prove no set of facts that toll the statute.") (internal citations and quotations omitted).

Here, the complaint alleges that Plaintiff first provided notice of infringement to Defendants on January 3, 2024. FAC, ¶ 109. It is plausible that Plaintiff "learned or should have learned of the infringement" around or shortly before this date. Because there are facts that toll the statute starting January 3, 2024 – permitting Plaintiff to bring its claims as late as January 3, 2027 – Defendants cannot demonstrate "beyond a doubt" that Plaintiff's claims are untimely.

### D. The Complaint Plausibly Alleges Breach of Contract

Defendants assert that the breach of contract claim should be dismissed because (1) "the complaint fails to allege who, if anyone agreed to be bound by the terms and conditions of the agreement," (Def. Motion, p. 10) and (2) lack of consideration (Def. Motion, pp. 10–11). Both arguments are meritless.

First, to state a claim for breach of contract, a plaintiff must allege, in part, the existence of a valid contract. *Greggo Prods.*, 2017 U.S. Dist. LEXIS 148820, at *34 (citing *Beck v. Lazard Freres & Co., LLC,* 175 F.3d 913, 914 (11th Cir. 1999)). Here, the complaint alleges the installation of SOLIDWORKS software packages requires a

user to accept the terms of an End User License Agreement. FAC, ¶¶ 93–94, 159 and Ex. 7. The Complaint alleges "[a]t least one of Scarpelli, employees of NewtonGen, or persons under the control of NewtonGen accepted the SOLIDWORKS License Agreement when they installed and/or used" SOLIDWORKS. FAC, ¶¶ 95–96, 160. As discussed in Sections IV(A) and (B) above, the complaint plausibly alleges the installation, execution, and use of SOLIDWORKS by Defendants. Clearly the complaint can be fairly read to infer that at least one of Scarpelli, Lufkin, or other employees of NewtonGen accepted the terms of the License Agreement when they downloaded, executed, and used SOLIDWORKS software.

Second, Defendants cite no case law or authority supporting its contention that an End User License Agreement fails for lack of consideration, in any context. The complaint alleges a valid contract because End User License Agreements necessarily are accompanied by consideration. Indeed, the complaint alleges that the End User License Agreement States, "**installing and using [SOLIDWORKS]**…will signify your agreement to be bound by these terms and conditions." FAC, ¶ 94 and Ex. 7, at 2/45. Here, the consideration is the *use* of the SOLIDWORKS software in exchange for agreeing to the terms and conditions of the License Agreement (including, for example, the agreement to not use the software without a valid license). "The requirement of consideration is satisfied if

there is either a benefit to the promisor or a detriment to the promisee." *Source One Fin. Corp. v. Progressive Direct Ins. Co.*, 2015 Mass. App. DIV. LEXIS 46 at *5 (citing *Marine Contrs. Co. v. Hurley*, 35 Mass. 280, 286 (1974)). Defendants are the promisor benefiting from the use of SOLIDWORKS in exchange for agreeing to be bound by the License Agreement. The complaint plausibly alleges that Defendants benefitted from the use of the software where Defendants used SOLIDWORKS software to design "electricity and energy generation systems, such as generator components and light-emitting diode (LED) systems, for NewtonGen." FAC, ¶¶ 34–49, 62–65, 76–79, 82–92, 102–108.

Agreements without consideration are gifts. In taking the allegations of the complaint as true in the light most favorable to Plaintiff, it clear that DSSW did not gift Defendants copies of it SOLIDWORKS software packages to use without a license.

The Complaint plausibly alleges the existence of a valid contract, supported by consideration, accepted by Defendants when Defendants downloaded and used unauthorized and unlicensed copies of SOLIDWORK software. Consequently, Defendants' Motion to Dismiss must be denied.

**E. Plaintiff's Claims for Breach of Contract Are Not Preempted**

Defendants assert that Plaintiff's breach of contract claim is barred because it falls within the subject matter of the Copyright Act. Def. Motion, pp. 11–12. But "claims involving two-party contracts are not preempted under the Copyright Act because contracts do not create exclusive rights but rather affect only their parties. Courts generally read preemption clauses to leave private contracts unaffected." *Utopia Provider Sys. V. Pro-Med Clinical Sys., LLC*, 596 F.3d 1313, 1326 (11th Cir. 2010). The alleged breach of contract involves an End User License Agreement and is a private contract between Defendants and Plaintiff. The type of relief afforded to a breach of contract claim is entirely different from the type of relief available for copyright claims. Defendants do not cite authority to the contrary.

Moreover, the complaint alleges that Scarpelli is a resident of Mexico. FAC, ¶ 3. It is plausible that some of the unlicensed uses of copies of SOLIDWORKS software occurred in Mexico. Such uses occurring outside of the United States are not covered by United States copyright law and therefore cannot be preempted by the Copyright Act. Thus, the breach of contract claim is not "entirely duplicative" of Counts I and II, as Defendants contend.

Plaintiff's claim for breach of contract is not preempted by federal copyright law. Consequently, Defendants' Motion to Dismiss must be denied.

### F. The Complaint Adheres to the Pleading Requirements of Federal Civil Procedure and Local Rules

Defendants assert that the complaint is an impermissible shotgun pleading because it does not plead "contributory or vicarious liability as counts" and does not "specifically identify[] which of the Defendants are to be held to account for each claim." Motion, Dkt. 22, pp. 3–4. Defendants' Motion should be denied because each of the Defendants have adequate notice of the claims alleged against them, as required by Fed. R. Civ. P. 8(a)(2) and Rule 10(b). Notably, Rule 10(b) recites, "*if doing so would promote clarity*, each claim *founded on a separate transaction or occurrence*…must be stated in a separate count or defense." Fed. R. Civ. P. 10(b) (emphases added). Separate counts distinguishing the direct, vicarious, and/or contributory liability of each Defendant here is not required to promote clarity. As discussed in Section IV(A) above, "the Eleventh Circuit recognizes that there are no clear distinctions between these various theories of liability." *Michael Grecco Prods.*, 2017 U.S. Dist. LEXIS 148820 at *14-15 (citing *Casella v. Morris*, 820 F. 2d 362, 365 (11th Cir. 1987)).

Additionally, "[t]he fact that defendants are accused collectively does not render the complaint deficient so long as [t]he complaint can be fairly read to aver that all defendants are responsible for the alleged conduct, such that each defendant has notice of the claims against him." *Bubble Down LLC v. Real Cap. Partners GP LLC*, No. 8:25-cv-315-KKM-CPT, 2026 U.S. Dist. LEXIS 300, at *5–6

(M.D. Fla. Jan. 5, 2026) (quoting *Kyle K. v. Chapman*, 208 F. 3d 940, 944 (11th Cir. 2000)) (internal quotations omitted); *See also*, *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) ("When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually."); *Whitehurst v. G & A Rest. Mgmt. Inc.*, No. 2:20-CV-67-MRM, 2020 U.S. Dist. LEXIS 75159 at *2 (M.D. Fla. Apr. 29, 2020) (rejecting shotgun pleading argument where it was "possible each Defendant could have engaged in all the acts" alleged).

Here, the complaint can be fairly read such that each defendant is responsible – directly or indirectly – for the underlying activity. Additionally, the complaint alleges facts demonstrating (i) the unauthorized and unlicensed copies of SOLIDWORKS were used to do work for NewtonGen, (ii) NewtonGen and Lufkin had the ability to control the use of SOLIDWORKS, (iii) NewtonGen and Lufkin received a direct financial benefit from the use, (iv) Lufkin and NewtonGen knew about the infringing use and did nothing to prevent further infringing use, and (v) Lufkin and NewtonGen materially contributed or induced the unlawful use. These facts plausibly state a claim for vicarious and contributory infringement and circumvention of technological measures and put Lufkin and NewtonGen on appropriate notice.

Defendants' arguments are better suited for summary judgment after the scope of each Defendants' activities with respect to the alleged conduct has been examined through discovery. The complaint is not a shotgun pleading as it adheres to the federal and local rules. Consequently, Defendants' Motion should be denied.

### G. Should the Court Grant Defendants' Motion, Plaintiff Requests Leave to Amend the Complaint

Notwithstanding the above, should the Court grant Defendants' Motion, the dismissal should be without prejudice and grant Plaintiff leave to amend the complaint to further clarify the three main counts of copyright infringement, circumvention of technological measures, and breach of contract. Under Fed. R. Civ. P. 15, a party may amend its pleading only with the opposing party's written consent or leave from the Court. *See*, Fed. R. Civ. P. 15(a)(2. The court should freely give leave "when justice so requires." *Mohammad Shah Rukk Khan v. United States*, No. 6:24-cv-1597-WWB-UAM, 2025 U.S. Dist. LEXIS 33459, at *2 (M.D. Fla. Feb. 25, 2025) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 222 (1962)). Courts have broad discretion to grant leave to amend. *Id*. To deny leave to amend, the Court must find a justifiable reason for doing so. *Id*. Absent a showing of "undue delay, bad faith, dilatory motive, or undue prejudice, leave to amend is routinely granted." *Id.*; *See also*, *Forbus v. Sears Roebuck & Co.*, 30 F. 3d 1402, 1405 (11th Cir. 1994); *Thomas v. Town of Davie*, 847 F. 2d 771, 773 (11th Cir. 2018) ("Unless

there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.") (citations omitted); *Woldeab v. Dekalb Cnty. Bd. Of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (discretion to deny leave is "severely restricted" by Fed. R. Civ. P. 15).

Should the Court grant Defendants' Motion, there is good cause to amend the complaint in response to permit Plaintiff to add additional factual details and clarification to the three main claims. This request would not be futile and is not sought out of undue delay, bad faith, or dilatory motive. Nor would leave to amend the complaint prejudice Defendants. The Parties have yet to hold a Rule 26(f) conference in this case and a scheduling order has not yet been issued. Accordingly, granting leave to amend will not affect any preexisting case schedule, or otherwise prejudice Defendants.

## V. CONCLUSION

For the reasons stated herein, Defendants' Motion should be dismissed in its entirety. Should the court grant Defendants' Motion, the dismissal should be without prejudice and Plaintiff should be granted leave to file an amended complaint.

DATED: April 9, 2026

Respectfully Submitted By:

By: /s/ Colette E. Verch
HARNESS, DICKEY & PIERCE, P.L.C.
Glenn E. Forbis (Pro Hac Vice)
Lead Counsel

Jeremiah J. Foley (Pro Hac Vice)
Colette E. Verch (Pro Hac Vice)
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive, Ste. 200
Troy, MI 48088
(248) 641-1600
(248) 641-0270 Fax
gforbis@harnessip.com
jfoley@harnessip.com
cverch@harnessip.com

*Of Counsel for Plaintiff*

Erik Johanson, Esq.
Florida Bar No. 106417
Erik Johanson PLLC
3414 W. Bay to Bay Blvd
Suite 300
Tampa, FL 33629
Tel: (813) 210-9442
erik@johanson.law
ecf@johanson.law

*Local Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Defendants by and through its counsel of record.

/s/Colette E. Verch
Colette E. Verch