**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DASSAULT SYSTÈMES SOLIDWORKS CORPORATION,**

**Plaintiff,**

**v.** **Case No: 8:25-cv-02891-CEH-AAS**

**NEWTONGEN, INC., RICHARD SCARPELLI, and GARY LUFKIN,**

**Defendants.**
**______________________________________/**

**ORDER**

Attorneys Gustavo Sardiña, Cassidy Mandelbaum, and Jimerson Birr, P.A. (collectively, defense counsel) request to withdraw as counsel for Defendants NewtonGen Inc., Richard Scarpelli, and Gary Lufkin (collectively, the defendants). (Doc. 33). The defendants oppose this request. (*Id.*, p. 2).

Defense counsel represents that "irreconcilable differences" have arisen that require defense counsel's withdrawal from representation. (*Id.*, p. 1). The Local Rules for the Middle District of Florida state, "[i]f a lawyer appears, the lawyer cannot without leave of court abandon, or withdraw from, the action." Local Rule 2.02(c), M.D. Fla. The court is afforded discretion to grant an attorney's motion to withdraw in some cases. *Patnaude v. Sears Pest Control, Inc.*, No. 08-61980-CIV-ZLOCH/ROSENBAUM, 2009 WL 10667065, at *2 (S.D.

Fla. May 13, 2009). "Before granting an attorney's motion to withdraw, however, 'it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the withdrawal of counsel is for good cause.'" *Id.* (quoting *Mekdeci v. Merrell Nat'l Laboratories*, 711 F.2d 1510, 1521–22 (11th Cir. 1983)).

Defense counsel failed to demonstrate good cause for withdrawal. The motion merely states that irreconcilable differences require withdrawal but proffers no additional information. *See Innovative Genetics, LLC v. Flavocure Biotech, LLC*, No. 21-21457-CV, 2023 WL 2991896, at *1 (S.D. Fla. Mar. 10, 2023) ("Plaintiff's Counsel states that 'irreconcilable differences' arose between them and Plaintiff without providing any additional details. Accordingly, Plaintiff's Counsel has failed to demonstrate good cause for their requested withdrawal."); *see also Down v. Holcomb*, No. 8:24-CV-02493-WFJ-AAS, 2025 WL 1869666, at *1 (M.D. Fla. June 5, 2025); *Danziger Kosher Tours, LLC v. Corporacion Hotelera Hispano Mexicana, S.A. de C.V.*, No. 1:24-20335-CIV, 2025 WL 2498035, at *1 (S.D. Fla. Apr. 30, 2025); *Cano v. 245 C & C, LLC*, No. 1:19-CV-21826-JAL, 2023 WL 7365864, at *1 (S.D. Fla. Oct. 12, 2023).

In addition, defense counsel states that withdrawal would not prejudice any party but offers no support for that assertion. Further, because NewtonGen Inc. is a limited liability company, it must be represented by counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

Accordingly, it is **ORDERED** that defense counsel's motion to withdraw (Doc. 33) is **DENIED without prejudice**.

**ENTERED** in Tampa, Florida, on July 16, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge